UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHERRON GAVIN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:18CV212 RLW |
| ) | |
| JOHNSON & JOHNSON, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on numerous motions filed by the parties. Currently pending are a Motion to Dismiss for Lack of Jurisdiction and Improper Venue (ECF No. 4) and Motion to Stay all Proceedings (ECF No. 7) by Defendants Johnson & Johnson and Johnson & Johnson Consumer Inc. (ECF No. 4) ("Johnson & Johnson Defendants").[1] Defendants Imerys Talc America, Inc., PTI Union, LLC, and PTI Royston, LLC have also filed motions to dismiss. (ECF Nos. 26, 30, 36) Plaintiffs have filed several motions, including a Motion to Remand (ECF No. 41), Motion to Expedite Ruling on Motion to Remand (ECF No. 48), Motion for Telephonic Hearing on Motion to Remand (ECF No. 49), and motions for extension of time to respond to Defendants' motions to dismiss pending the resolution of the motion to remand (ECF Nos. 50, 64, 65).

Eighty-six (86) Plaintiffs filed this case in state court alleging that the use of talc products caused their ovarian cancer. The Johnson & Johnson Defendants removed the case to federal court on the grounds that diversity of citizenship exists because, *inter alia*, PTI Union LLC, the

---

[1] The other named Defendants have filed motions to join the Johnson & Johnson Defendant's motion to stay. (ECF Nos. 28, 39, 40)

only Missouri-based Defendant was fraudulently joined in this action, and 85 of the Plaintiffs do not allege that they purchased or used the talc products in Missouri.

Plaintiffs ask for an expedited ruling from the Court remanding the case to state court prior to the disposition of the Motion to Stay. Defendant seek a stay of this matter pending transfer to the multidistrict litigation now pending before Judge Freda Wolfson in the United States District Court for the District of New Jersey. *See In re Johnson & Johnson Talcum Powder Mktg., Sales Practices & Prods. Liab. Litig.*, MDL No. 2738. Plaintiffs oppose the motion to stay. The Court finds that a stay is appropriate in this case and declines to address the other pending motions.

## Legal Standards

"A district court has inherent power to stay its proceedings." *Simmons v. GlaxoSmithKline, LLC*, No. 4:15CV1397 CDP, 2015 WL 6063926, at *1 (E.D. Mo. Oct. 14, 2015) (citation omitted). "In determining whether to stay proceedings, a district court must exercise judgment by weighing 'competing interests' and maintaining 'an even balance.'" *Id.* (quoting *Bledsoe v. Janssen Pharm.*, No. 4:05CV02330 ERW, 2006 WL 335450, at *1 (E.D. Mo. Feb. 13, 2006)). When "considering a motion to stay, a Court should consider both the interest of judicial economy and the potential prejudice or hardship to the parties." *Lafoy v. Volkswagen Grp. of Am., Inc.*, No. 4:16CV00466, 2016 WL 2733161, at *2 (E.D. Mo. May 11, 2016) (citation omitted). "However, '[a] putative transferor court need not automatically postpone rulings on pending motions, or in any way generally suspend proceedings, merely on grounds that an MDL transfer motion has been filed.'" *Spears v. Fresenius Med. Care N. Am., Inc.*, No. 4:13-CV-855 (CEJ), 2013 WL 2643302, at 1 (E.D. Mo. June 12, 2013) (quoting *T.F. v.*

*Pfizer, Inc.*, No. 4:12-CV-1221 (CDP), 2012 WL 3000229, at *1 (E.D. Mo. July 21, 2012) (internal quotation omitted)).

## Discussion

Defendants argue that a stay pending transfer would promote judicial economy and consistency of rulings. Further, Defendants assert that absent a stay, the Court will waste time supervising pretrial proceedings and ruling on motions in a case that will soon be transferred to the MDL court. Further, Defendants argue that they will be significantly prejudiced and suffer hardship because they would be required to engage induplicate discovery and motions practice. In response, Plaintiffs maintain that Johnson & Johnson's removal is a sham designed to deprive Plaintiffs their day in court and would only reward Defendants for this fraud.

The Court finds that judicial economy weighs heavily in favor of granting a stay in this matter. "A stay will allow consistent pretrial rulings and conserve the resources of the parties, counsel, and the judiciary." *Simmons*, 2015 WL 6063926, at *1. Further, the Court notes that other recent cases presenting the same claims against the same Defendants addressed the same stay and remand issues. In those cases, the district judges stayed the proceedings pending transfer to the MDL panel. *See Johnson v. Johnson & Johnson*, No. 4:17-CV-2651 SNLJ (E.D. Mo. Dec. 5, 2017); *Jinright v. Johnson & Johnson*, No. 4:17CV01849 ERW (E.D. Mo. Aug. 30, 2017); *McBee v. Johnson & Johnson*, No. 4:17-CV-01496 JAR (E.D. Mo. June 9, 2017); *Rice v. Johnson & Johnson*, No. 4:17-CV-01224-CDP (E.D. Mo.); *Ghormley v. Johnson & Johnson*, No. 4:17-CV-00585 (CEJ) (E.D. Mo. Apr. 27, 2017); *Rea v. Johnson & Johnson*, No. 4:16-CV-2165 SNLJ (E.D. Mo. Feb. 22, 2017). The Court finds no reason to depart from these cases. Therefore, the Court will grant Defendants' motion to stay all proceedings in this matter pending transfer to the MDL court. The Court notes that Plaintiffs will have a full and fair opportunity to

present their arguments for remand to the MDL court should the case be transferred to MDL No. 2738.

Accordingly,

**IT IS HEREBY ORDERED** that the Motions for Joinder in Motion to Stay All Proceedings by Defendants Imerys Talc America, Inc., PTI Union, LLC, and PTI Royston, LLC (ECF Nos. 28, 39, 40) are **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Stay All Proceedings (ECF No. 7) is **GRANTED.** This case shall be **STAYED** pending a decision by the MDL Panel on whether to transfer this case to MDL No. 2738 in the United States District Court for the District of New Jersey.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED** without prejudice.

Dated this 6th day of March, 2018.

_/s/ Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**